UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHEILA GRIFFIN,

        Plaintiff,

    -v-                                 09-CV-6273T
                                         **ORDER**

BRIGHTON DENTAL GROUP
and YC MRUTHYUNJAYA,

        Defendants.

---

      On September 9, 2009, plaintiff filed a motion for reconsideration (Docket No. 6) requesting that the Court vacate the Order of August 17, 2009 (Docket No. 4), which dismissed the action for plaintiff's failure to respond to the Court Order and to file the Right to Sue Letter.

      Plaintiff's motion seeks relief from a final judgment, order or proceeding under Fed.R.Civ.P. 60(b), which permits the Court to grant a motion for reconsideration when, for example, there has been a mistake, inadvertence, surprise, excusable neglect, or newly discovered evidence which by due diligence could not have been discovered in time. Nothing in plaintiff's motion provides a basis for the Court to grant Rule 60(b) relief. In addition, plaintiff could not properly bring the Title VII action until the Administrative Agency had granted her a right to sue letter. The Right to Sue letter is a precondition to suit, meaning that plaintiff had not exhausted her administrative remedies until she

was granted the right to sue by the EEOC. Plaintiff apparently did subsequently receive a right to sue letter from the Agency, dated September 30, 2009. Plaintiff's action was, therefore, premature and will remain closed. Plaintiff may, however, bring a new action under Title VII based on the right to sue letter she now has, within 90 days of the date of the Right to Sue letter.[1]

Accordingly, plaintiff's motion for reconsideration is hereby denied. Because the action is closed, plaintiff's other motions are denied as moot.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:  November 18, 2009
        Rochester, New York

---

[1] The Court notes that plaintiff has previously had an action in this Court before Judge Siragusa. This new Title VII action should have been assigned to Judge Siragusa, as well. Any new action filed by plaintiff shall be assigned to Judge Siragusa.

2